# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 12, 2021

Lyle W. Cayce
Clerk

No. 20-50869
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

SCOTT COALWELL,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:17-CR-746-1

Before WIENER, DENNIS, and HAYNES, *Circuit Judges*.

PER CURIAM:*

A jury convicted Defendant-Appellant Scott Coalwell on three counts of mailing threatening communications in violation of 18 U.S.C. § 876(c). Coalwell was sentenced to concurrent prison terms of sixty months on Count

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

One, sixty months on Count Two, and seventy months on Count Three. He timely appealed.

Section 876(c) proscribes: (1) knowingly depositing in the mail or causing to be delivered by the Postal Service (2) a communication addressed to any other person (3) that contains "any threat to injure" the person of the addressee or of another. *See United States v. Stoker*, 706 F.3d 643, 647 (5th Cir. 2013). Coalwell maintains that there was insufficient evidence to prove that the letters underlying his convictions on Counts Two and Three contained any threats. We have defined the term "threat" as "a serious statement expressing an intention to inflict bodily injury upon someone." *United States v. Turner*, 960 F.2d 461, 463-64 (5th Cir. 1992) (internal quotation marks omitted). The threat element focuses on whether a reasonable recipient, familiar with the context of the communication, would interpret the language in the communication as a threat. *United States v. Daughenbaugh*, 49 F.3d 171, 173-74 (5th Cir. 1995). Whether the language in a communication constitutes a "threat" is a factual issue for the jury to decide, and the subjective reaction of the recipient is probative of the issue. *Id.*

Coalwell appears to concede that the language in his letters could be taken as a threat by a reasonable person, but he contends it is equally plausible that another reasonable person would not have construed his letters as containing threats. When the record supports conflicting inferences, we presume that the trier of fact resolved the conflict in favor of the verdict and defer to that resolution. *United States v. Vargas-Ocampo*, 747 F.3d 299, 301 (5th Cir. 2014) (en banc). Our review is limited to considering "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Applying that standard, we conclude that the evidence at trial was sufficient to support Coalwell's convictions on Counts Two and Three.

Coalwell also challenges the district court's application, over his objection, of a six-level enhancement under U.S.S.G. § 2A6.1(b)(1). That enhancement applies when "the offense involved any conduct evidencing an intent to carry out such threat." *Id.* The district court committed clear error when it found the enhancement applicable based only on language in the letters themselves and a conversation with an investigator indicating Coalwell's intent to carry out his threats. *United States v. Jordan*, 851 F.3d 393, 401 (5th Cir. 2017); *United States v. Goynes*, 175 F.3d 350, 353, 355 (5th Cir. 1999). It is *conduct* that triggers the enhancement, and, despite the Government's assertion to the contrary, the record does not reveal any overt act by Coalwell that would allow us to uphold the enhancement on an alternative ground. *Goynes*, 175 F.3d at 355. Furthermore, the Government fails to establish that the error was harmless. *See United States v. Juarez*, 866 F.3d 622, 633-34 (5th Cir. 2017); *United States v. Ibarra-Luna*, 628 F.3d 712, 713-14 (5th Cir. 2010).

Coalwell's convictions are AFFIRMED. His sentence is VACATED and the case REMANDED for resentencing, consistent with this opinion.